

**HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.**
ATTORNEYS AT LAW
218 MONTEZUMA
SANTA FE, NEW MEXICO 87501
505-982-4554   (FAX) 505-982-8623

hinklelawfirm.com

WRITER:
Michelle Haubert-Barela
Associate
mhaubert-barela@hinklelawfirm.com

January 5, 2007

**Via Facsimile (505) 982-6795**

Elliot Weinreb
Galisteo Center, Suite H-2
2019 Galisteo Street
Santa Fe, NM 87505-2106

Re:   *Adrian Lucero v. Chris Valdez and Mario Salbidrez*
      U.S.D.C., D.N.M. No. 05-CV-00601 JP/WPL

Dear Mr. Weinreb,

To follow up on our conversation after Ms. McAllister's deposition, I am providing you with our updated availability for the depositions of Plaintiff's expert witnesses, Mr. Alarid, Mr. Hart and Mr. Reiter. We had previously discussed deposing Plaintiff's experts sometime between January 19 and February 2, 2007. As these dates are quickly approaching, our availability is becoming more limited. At this time, we have the following dates available: 1/23, 1/24, 1/31, 2/1 and 2/2.

It is important that we set the dates for these depositions as soon as possible. With respect to Mr. Hart's and Mr. Reiter's depositions, we will need to secure a court reporter at each of their locations. It is my understanding that Mr. Hart is in Springfield, Missouri, and Mr. Reiter is in Greenville, Rhode Island. Please let me know immediately if this information is incorrect.

Once we have agreed on a date and have secured a court reporter, we will send you a notice of deposition for each expert. We are assuming that you will accept service on behalf of Mr. Reiter, Mr. Hart, and Mr. Alarid, thus, alleviating the necessity of us serving each of them with a subpoena. If you agree to do so, we will do the same.

We also ask that you supplement, in accordance with Rule 26(e), Plaintiff's response to Defendants' Second Request for Production on Issue of Qualified Immunity. A copy of Defendants' Second Request for Production on Issue of Qualified Immunity is being transmitted along with this letter for your convenience. Please provide documentation responsive to this request by January 15, 2007, along with Plaintiff's expert reports.

Finally, based on our conversation, I am sending a copy of the stipulation regarding Plaintiff's deposition corrections marked with the edits we have made. In addition, I will



EXHIBIT A

PO BOX 10
ROSWELL, NEW MEXICO 88202
(505) 622-6510
FAX (505) 623-9332

MIDLA... (4... FAX

...68
...XICO 87504
...554
...-8623

919 CONGRESS, SUITE 1150
AUSTIN, TEXAS 78701
(512) 476-7137
FAX (512) 476-7146

Elliot Weinreb
January 5, 2007
Page 2

be expecting your responses to Defendants' written discovery requests on Monday, January 8, 2007.

Thank you for your attention to these matters.

                                                Best regards,

                                                HINKLE, HENSLEY, SHANOR &
                                                MARTIN, LLP

                                                Michelle R. Haubert-Barela

/mhb

cc:    Julie Sakura via facsimile (505) 992-0814
        Ira Bolnick, RMD No. 0301128
        Velma Herrera
        Albert Fugere



**HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.**
ATTORNEYS AT LAW
218 MONTEZUMA
SANTA FE, NEW MEXICO 87501
505-982-4554   (FAX) 505-982-8623

hinklelawfirm.com

WRITER:

Michelle Haubert-Barela
Associate
mhaubert-barela@hinklelawfirm.com

January 10, 2007

<u>Via Facsimile (505) 982-6795</u>

Elliot Weinreb
Galisteo Center, Suite H-2
2019 Galisteo Street
Santa Fe, NM 87505-2106

Re:   *Adrian Lucero v. Chris Valdez and Mario Salbidrez*
U.S.D.C., D.N.M. No. 05-CV-00601 JP/WPL

Dear Mr. Weinreb,

I was informed by your office yesterday that you would need additional time to complete Plaintiff's responses to Defendants' written discovery requests in excess of the week extension, until January 8, 2007, already granted. Your assistant, however, was unable to provide a date by which Defendants could expect your responses.

Please note that if Defendants are not in **receipt** of Plaintiff's responses to Defendants' written discovery requests by Tuesday, January 16, 2007, at 5:00 p.m., we will be forced to file a motion to compel, seeking fees and sanctions, pursuant to Fed. R. Civ. P. 37.

Thank you for your attention to this matter.

Best regards,

HINKLE, HENSLEY, SHANOR &
MARTIN, LLP

Michelle R. Haubert-Barela

/mhb
cc:   Julie Sakura via facsimile (505) 992-0814
Ira Bolnick, RMD No. 0301128
Velma Herrera
Albert Fugere

EXHIBIT
B

PO BOX 10
ROSWELL, NEW MEXICO 88202
(505) 622-6510
FAX (505) 623-9332

PO BOX 3580
MIDLAND, TEXAS 79702
(432) 683-4691
FAX (432) 683-6518

PO BOX 2068
SANTA FE, NEW MEXICO 87504
(505) 982-4554
FAX (505) 982-8623

919 CONGRESS, SUITE 1150
AUSTIN, TEXAS 78701
(512) 476-7137
FAX (512) 476-7146

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN E. LUCERO,
Plaintiff,

vs.                                                    Civil Action No. CIV-05-0601 JP/WPL

CHRIS VALDEZ, a New Mexico State Police officer,
in his individual capacity,
and
MARIO SALBIDREZ, a former New Mexico State Police officer,
in his individual capacity,
Defendants.

---

**PLAINTIFF'S ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES
PROPOUNDED TO PLAINTIFF ON ISSUE OF QUALIFIED IMMUNITY**

---

Since these are all contention interrogatories, Plaintiff's counsel has answered them and has not attached a verification.

**INTERROGATORY NO. 1**: State the basis for and identify each document which supports your contention that Sergeant Valdez violated your Fourth Amendment right to be free from malicious prosecution. Include in your answer citations to the pre-existing case law from which Sergeant Valdez would have known that the specific conduct alleged constituted a violation of your right to be free from malicious prosecution under the Fourth Amendment.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that



may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 2**: State the basis for and identify each document which supports your contention that Agent Salbidrez violated your Fourth Amendment right to be free from malicious prosecution. Include in your answer citations to the pre-existing case law from which Agent Salbidrez would have known that the specific conduct alleged constituted a violation of your right to be free from malicious prosecution under the Fourth Amendment.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 3**: State the basis for and identify each document which supports your contention that Sergeant Valdez violated your Fourth Amendment right to be free from unlawful seizures. Include in your answer citations to the pre-existing case law from which Sergeant

Valdez would have known that the specific conduct alleged constituted a violation of your right to be free from unlawful seizures under the Fourth Amendment.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 4**: State the basis for and identify each document which supports your contention that Agent Salbidrez violated your Fourth Amendment right to be free from unlawful seizures. Include in your answer citations to the pre-existing case law from which Agent Salbidrez would have known that the specific conduct alleged constituted a violation of your right to be free from unlawful seizures under the Fourth Amendment.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 5**: State the basis for and identify each document which supports your contention that Sergeant Valdez violated your Fourteenth Amendment right to due process. Include in your answer citations to the pre-existing case law from which Sergeant Valdez would have known that the specific conduct alleged constituted a violation of your right to due process under the Fourteenth Amendment.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 6**: State the basis for and identify each document which supports your contention that Agent Salbidrez violated your Fourteenth Amendment right to due process. Include in your answer citations to the pre-existing case law from which Agent Salbidrez would have known that the specific conduct alleged constituted a violation of your right to due process under the Fourteenth Amendment.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that

may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 7**: State the basis for and identify each document which supports your contention in paragraph 13 of the Complaint that "Valdez and Salbidrez worked together to concoct a false story that would identify Plaintiff as the drug seller."

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 8**: State the basis for and identify each document which supports your contention that Agent Salbidrez intentionally and knowingly falsified and/or omitted giving material facts to the Grand Jury which would have vitiated any claim that there was probable cause to name Plaintiff as the person from whom Agent Salbidrez purchased narcotics on October 10, 2001, as alleged in paragraph 63 of the Complaint. Describe in detail each false statement knowingly falsified and each fact intentionally omitted by Agent Salbidrez in his

testimony to the Grand Jury and describe in your answer how probable cause would have been vitiated by the inclusion of the allegedly omitted facts or exclusion of the allegedly falsified facts that you have identified.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY No. 9**: State the basis for and identify each document which supports your contention that Agent Salbidrez recklessly and/or with wanton, willful, and/or deliberate disregard for the truth, falsified and/or omitted giving material facts to the Grand Jury which would have vitiated any claim that there was probable cause to name Plaintiff as the person from whom Agent Salbidrez purchased narcotics on October 10, 2001, as alleged in paragraph 63 of the Complaint. Describe in detail each false statement recklessly falsified and each fact omitted by Agent Salbidrez in his testimony to the Grand Jury and describe in your answer how probable cause would have been vitiated by the inclusion of the allegedly omitted facts or exclusion of the allegedly falsified facts that you have identified.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the

documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 10**: Describe and provide documentation of each piece of exculpatory evidence that you claim the Defendants failed to uncover and describe how each piece of evidence would have vitiated probable cause.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 11**: State the basis for and identify each document which supports your contention that Agent Salbidrez provided false testimony at Plaintiff's criminal trial as alleged in paragraph 18 of the Complaint. Identify in your answer each statement Agent Salbidrez made during his testimony at Plaintiff's criminal trial that you contend is false.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 12:** State the basis for and identify each document which supports your contention in paragraph 35 of the Complaint that "Defendants ... identified Plaintiff as the criminal perpetrator by preparing a false, fabricated story to the effect that the drug seller who sold drugs to Salbidrez on October 10, 2001, had identified himself as Adrian Lucero and that this provided probable cause to identify Plaintiff as the drug seller." As part of your answer, identify all persons who you alleged participated in the fabrication; when the fabrication took place; and, identify all witnesses to the fabrication.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 13:** State the factual basis for and identify each document which supports your contention in paragraph 44 of the Complaint that the Defendants engaged in a pattern of consciously choosing to "undertake plainly incompetent investigations that failed to establish probable cause and/or failed to uncover easily obtainable exculpatory evidence as to such innocent persons."

**ANSWER:** In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 14:** Identify each instance in which the Defendants falsely identified innocent citizens as drug traffickers, not based on probable cause, as contended in paragraph 45 of the Complaint. Include in your answer the following:

    (a) the name of the citizen falsely identified;

    (b) each charge filed against the falsely identified citizen;

    (c) the disposition of each charge including the terms of a plea agreement, if any;

    (d) each act taken by the Defendants in the falsely identified citizen's arrest, incarceration, and prosecution; and

(e) a list of all documents which support, refute or concern the information requested in this interrogatory.

**ANSWER:** In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 15:** Identify each of the thirty-four (34) cases in which you contend that Agent Salbidrez was the complaining witness and which did not result in new jail time for the accused person, as alleged in Plaintiff's Reply on Motion to Amend at page 10. For each case include the following information:

(a) the case number;

(b) the identity of the person against whom the charges were brought;

(c) the name of each witness that testified before the grand jury;

(d) the disposition of each charge including the terms of a plea agreement, if any;

(e) the amount of time served in relation to those charges, including time spent in pretrial detention; and

(f) a list of all documents which support, refute or concern the information requested in this interrogatory.

ANSWER: See attached.

INTERROGATORY NO. 16: State the basis for and identify each document which supports your contention in paragraph 45 of the Complaint that "there was public pressure to show that narcotics investigations in Rio Arriba County were having an impact on drug trafficking" and that these Defendants intentionally and falsely identified innocent citizens to "quell public dissatisfaction about the lack of results seen previously."

ANSWER: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

INTERROGATORY NO. 17: State the basis for and identify each document, including but not limited to, each standard operating procedure, policy and/or regulation, or procedure used in a particular law enforcement operation that supports your contention in paragraph 22 of the Complaint that a reasonably prudent police officer would have

    (a) "obtain[ed] the telephone company records for the phone number that the drug seller provided...";

    (b) "use[d] a concealed recording device";

(c) "a surveillance officer ... take photos with a telephoto lens"; and

(d) "investigat[ed] the ownership or lease/rental circumstances of the trailer out of which the drug seller came."

**ANSWER:** In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 18:** State the basis for and identify each document that supports your contention in paragraph 44 of the Complaint that the Defendants engaged in a <u>practice</u> of "accusing innocent people of drug trafficking offenses." With respect to each charge and/or case upon which you base your allegation of a "practice," include the following:

(a) the identity of the person accused of a drug trafficking offense;

(b) the case number;

(c) a list of the charges filed;

(d) the disposition of the case; and

(e) a description of any evidence in your possession, custody or control which establishes that the person was innocent of the charges filed.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 19:** State the basis for and identify each document that supports your contention in paragraph 44 of the Complaint that Defendants' practice of "accusing innocent people of drug trafficking offenses" was based on the "purposeful false identification of innocent persons." With respect to each charge and/or case upon which you base your allegation of a "practice," include in your answer a description of all information in your possession, custody or control that demonstrates the Defendants knew the person they accused was innocent but filed charges despite such information.

**ANSWER**: In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 20:** State the basis for and identify each document that supports your contention in paragraph 44 of the Complaint that Defendants' practice of "accusing innocent people of drug trafficking offenses" was based on the "Defendants' conscious choice to undertake a plainly incompetent investigation that failed to establish probable cause and/or failed to uncover easily obtainable exculpatory evidence...." With respect to each charge and/or case upon which you base your allegation of a "practice," include the following:

    (a) a description of each piece of exculpatory evidence that Sergeant Valdez and Agent Salbidrez failed to uncover and/or reveal;

    (b) a description of the evidence that the Defendants had provided;

    (c) an explanation of how the inclusion of the evidence described in part (a) would have caused "reasonably prudent police officers to conclude that no probable cause existed"; and

    (d) a list of all documents which support, refute or concern the information requested in this interrogatory.

**ANSWER:** In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

**INTERROGATORY NO. 21:** State the basis for and identify each document which relates to your contention that Agent Salbidrez knew that Adrian Lucero was not the person from whom he had purchased narcotics on October 10, 2001, at the time he identified Plaintiff from his MVD photograph.

**ANSWER:** In addition to the documents which already have been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

Respectfully submitted,

_____
Elliot L. Weinreb, Esq.

Elliot L. Weinreb, Esq.
Galisteo Center, Suite H-2
2019 Galisteo Street
Santa Fe, NM 87505-2106
Telephone:  (505) 982-0004
Telefax:    (505) 982-6795
Email:      lawoffice@weinreblaw.com

ATTORNEY FOR THE PLAINTIFF

## Indictment List

|   | Defendant | Cty | Charge | Grand Jury Indictment | Complaining Witness | Cause # |
|---|---|---|---|---|---|---|
| 1 | Vasquez, Antonio | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez | D0117CR02361 |
| 2 | Valdez, Ray | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02398 |
| 3 | Trujillo, Florencia | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02372 |
| 4 | Sandoval, Kodiak | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02400 |
| 5 | Salazar, Sammy | RA | Trafficking: Heroin | 4/19/02 | Mario Salbidrez | D0117CR02389 |
| 6 | Salazar, Ralph | RA | Trafficking: Cocaine | 5/30/02 | Mario Salbidrez | D0117CR02513 |
| 7 | Salazar, Paul | RA | Conspiracy | 4/19/02 | Mario Salbidrez | D0117CR02385 |
| 8 | Romero, Alfonso | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez | D0117CR02367 |
| 9 | Rodriguez, Martin Eucevio | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez | D0117CR02356 |
| 10 | Rivera, Annamarie | RA | Trafficking | 5/16/02 | Mario Salbidrez Roman Jimenez | D0117CR0200475 |
| 11 | Quintana, Adam | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02394 |
| 12 | Padilla, Ronnie Joe | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02396 |
| 13 | Mendoza Garcia, Judy | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez Matthew Vigil Orlando Cordova | D0117CR02378 |
| 14 | Mondragon, Randy | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez | D0117CR02380 |
| 15 | Lucero, Adrian | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02390 |
| 16 | Martinez, Ronald | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02402 |
| 17 | Salazar Martinez, Lucy | RA | Trafficking: Cocaine | 4/18/02 | Orlando Cordova Mario Salbidrez | D0117CR02382 |
| 18 | Martinez, Alejandro | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02401 |
| 19 | Maestas, Kathy | RA | Conspiracy | 4/19/02 | Mario Salbidrez | D0117CR02386 |
| 20 | Lopez, Cathy | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez Ernie Romero | D0117CR02357 |
| 21 | Jaramillo, Kenny | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02395 |
| 22 | Jaillet, Jeremy | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02362 |

| 23 | Graheda, Ezequiel | RA | Trafficking: Cocaine | 4/18/02 | Orlando Cordova<br>Mario Salbidrez<br>Matthew Vigil | D0117CR0200377 |
|---|---|---|---|---|---|---|
| 24 | Gist Martinez, Leon | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02391 |
| 25 | Garcia, Dale | RA | Trafficking | 5/30/02 | Mario Salbidrez<br>Eric Burnham | D0117CR0200512 |
| 26 | Garrett, Susana | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02397 |
| 27 | Gallegos, Damien | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez<br>Matthew Vigil | D0117CR02381 |
| 28 | Edmonds, Chris | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02388 |
| 29 | Castillo, Garry | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02399 |
| 30 | Chiarez, Ruth | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02392 |
| 31 | Borrego, Ralph | RA | Trafficking: Cocaine | 4/19/02 | Mario Salbidrez | D0117CR02393 |
| 32 | Atencio, Melita | RA | Trafficking: Cocaine | 4/18/02 | Matthew Vigil<br>Mario Salbidrez<br>Orlando Cordova | D0117CR02379 |
| 33 | Arellano, Maxine | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez<br>Orlando Cordova | D0117CR0200376 |
| 34 | Arellano, Angie A | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez<br>Matthew Vigil | D0117CR02360 |
| 35 | Lopez Andazola, Alberta | RA | Trafficking: Cocaine | 4/18/02 | Mario Salbidrez | D0117CR02364 |
| 36 | Moya, Dion | RA | Trafficking; Conspiracy | 4/19/02 | Mario Salbidrez | D0117CR02387 |
| 37 | Salazar, Norman | RA | Trafficking | 11/14/02 | Mario Salbidrez | D0117CR021010 |
| 38 | Chavez, Fred M. | SF | Trafficking: Cocaine | 11/14/02 | Mario Salbidrez | D0101CR200201022 |
| 39 | Trujillo, Florencia | RA | Trafficking | 4/18/02 | Mario Salbidrez | D0117CR200200372 |